## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GHAZIR G. LACAYO**                                    **CIVIL ACTION**

**VERSUS**                                             **NO:        08-4984**

**RAYMOND S. CHILDRESS**                                **SECTION: "S" (4)**

### REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.        Factual Background**

The plaintiff, Ghazir Giron Lacayo ("Lacayo"), a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Judge Raymond S. Childress.  In the complaint, it is alleged that Judge Childress violated Lacayo's Sixth Amendment rights on January 9, 2008, by refusing to permit him to confer with his counsel in the courtroom regarding a "broad number of unfolding matters."   That denial purportedly adversely affected Lacayo's defense in his state criminal proceedings; however, he does not allege that he has yet been convicted of a

criminal offense as a result.  As relief, Lacayo seeks punitive damages.[1]

## II.    Standard of Review

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).[2]

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).  District courts must construe *in forma pauperis* complaints liberally, but they are

---

[1] Lacayo also requests that a "federal attorney" be appointed to represent him.  However, he clearly has no right to such an appointment in his state criminal proceeding, where he is already represented by counsel.  To the extent that he is perhaps requesting appointment of counsel in this proceeding, it is clear that "[a] district court should appoint counsel in a civil rights case only if presented with *exceptional* circumstances."  *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added); *see also Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (setting forth the factors to be considered in determining whether counsel should be appointed).  Because the instant case is subject to immediate dismissal for the reasons set forth in this opinion, appointment of counsel is not warranted.

[2] As used in § 1915A, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## III.   <u>Judicial Immunity</u>

In this lawsuit, it is alleged that Judge Childress violated Lacayo's right to effective counsel by refusing to allow him to meet and confer with his attorney during the state criminal proceedings. As relief, Lacayo seeks an award of monetary damages.

It is well established that absolute judicial immunity protects a judge from liability for damages in his individual capacity for all judicial functions, so long as the judge does not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.  The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant.  Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); *see also Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

In the instant case, the claim against Judge Childress is based on actions he took in Lacayo's state criminal proceedings.  Because there is no question that Judge Childress had jurisdiction over plaintiff's criminal case and the challenged actions were performed in the exercise of Judge Childress' judicial functions, he is entitled to absolute immunity with respect to any claim against him in his individual capacity for monetary damages.

As to any claim against Judge Childress in his official capacity, such claims are also barred. A judgment against Judge Childress in his official capacity would be satisfied out of the state

treasury.  La.Rev.Stat.Ann. § 13:5108.1.  Therefore, any official-capacity claim against him is, in reality, a claim against the state itself, and, therefore, is barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

Out of an abundance of caution, the Court further notes that plaintiff would also be barred from seeking injunctive relief against Judge Childress.  The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."  42 U.S.C. § 1983; *Guerin v. Higgins*, 8 Fed. App'x 31 (2nd Cir. 2001); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp. 2d 204, 210 (D. Mass.), *aff'd*, 248 F.3d 1127 (1st Cir. 2000).  Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct criminal proceedings.  The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).  Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate."  *Id.*, at 46, 91 S.Ct., at 751.

*O'Shea v. Littleton*, 414 U.S. 488, 499 (1974).  A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but

rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances.  *See id.* at 502.

## IV.    Recommendation

It is therefore **RECOMMENDED** that plaintiff's claim against Judge Raymond S. Childress in his individual capacity be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's claim against Judge Raymond S. Childress in his official capacity be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment.

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Unobjected-to Proposed Factual Findings and Legal Conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22nd day of December, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**